**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMEN AMIRKHANYAN, a.k.a. Armen Amirkhanian; GAYANE MAGHAKYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71835 <br><br> Agency Nos. A075-758-453 <br> A097-854-240 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Armen Amirkhanyan and Gayane Maghakyan, natives and citizens of

Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen based on ineffective assistance of counsel.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Mohammed v. Gonzales,* 400 F.3d 785, 791-92 (9th Cir. 2005). We grant the petition for review and remand for further proceedings.

The BIA abused its discretion in denying petitioners' motion to reopen based on the ineffective assistance of the attorney who represented them before the agency, where petitioners established that their attorney failed to sufficiently prepare their case, they advised their attorney of available corroborating evidence but the attorney failed to introduce such evidence, and these failures may have affected the agency's adverse credibility finding. *See Mohammed*, 400 F.3d at 793-94 (prejudice results when counsel's actions may have affected the outcome of proceedings). Moreover, the BIA's failure to mention the highly probative affidavits of the two witnesses who would have testified in support of petitioners' claim was an abuse of discretion. *See Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011).

We therefore grant the petition for review and remand to the BIA for further proceedings consistent with this disposition.

Because the government concedes that the BIA did not deny petitioners'

motion as untimely, the issue of equitable tolling is not before us.

**PETITION FOR REVIEW GRANTED; REMANDED.**